UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) [ONLY FOR CHAPTER 13 CASES]
) DEBTOR'S ATTORNEY'S DISCLOSURE
) OF COMPENSATION AND ANY
) EMPLOYMENT AGREEMENT, AND
) APPLICATION FOR COMPENSATION,
Debtor(s) ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☐ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☐ **SCHEDULE 1:** The total fee request is $_____ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $_____ ($4,750 maximum) and expenses of $_____ for a total of $_____.
☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

☐ **SCHEDULE 2**: Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
  ☐ (a) a flat fee (i.e., requiring no itemization) of $_____ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

  ☐ (b) an estimated total fee of $_____ and expenses of $_____. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing.

    ☐ Debtor ☐ (specify) _____ has paid $_____, leaving $ _____ to be paid through the plan.

Case 17-63964-dwh13    Doc 18    Filed 01/24/18

**SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to fee arrangements as follows:

☐ Debtor ☐ (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected;(b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):

I further certify that on _____ a copy of this document was served on the debtor(s) and trustee.

DATED: _____

_____
Debtor's Attorney

1305 (12/1/2017) **Page 2 of 2**



**Thomas McAvity, Managing Attorney**
Mark Ditton, Associate Attorney
Randall Floyd, Associate Attorney  ||  Jacob Braunstein, Associate Attorney
Jeff Williams, Paralegal  ||  Melissa Phillips, Paralegal
Megan Mehrlich, Paralegal

### CHAPTER 13 BANKRUPTCY FEE AGREEMENT

Date: _____

_____  _____
             Debtor 1 Print Name                                                Debtor 2 Print Name

1. **Parties:** This agreement is between **Northwest Debt Relief Law Firm (NWDR)**, a "Debt Relief Agency" as defined by US Bankruptcy Code, and the above-named Client(s).

2. **Fees and Cost:** All fees are *earned on receipt.* All funds paid to NWDR will be applied first to attorney fees then to Court Fees and costs. You have not retained NWDR until you have paid a retainer of $100. NWDR will not file your case until you have paid at minimum $190 in attorney fees and $310 for the bankruptcy court's filing fee, for a total of $500, unless otherwise arranged with the attorney.

    The remainder of attorney fees will be paid through your Chapter 13 Plan according to one of the five (5) following arrangements to be determined by the attorney at the time of your case filing. Our default arrangement is option "a" for Oregon and "b" for Washington.

    a. \_\_\_\_Flat Fee of $3450 for all services provided through confirmation and initial audit of claims; hourly at rates under paragraph 7 for all services provided after confirmation. (OR)

    b. \_\_\_\_Flat Fee of $3500 for all services provided through confirmation and initial audit of claims; hourly at rates under paragraph 7 for all services provided after confirmation. In the event that this total runs higher a fee application will be submitted around the time of confirmation for court approval. (WA)

    c. \_\_\_\_Hourly according to rates under paragraph 7 below; pre-confirmation fees are *estimated* at $4200

    d. \_\_\_\_Flat Fee for life of the chapter 13 plan: your fee will be $4750

    e. \_\_\_\_Other: _____

    _____

3. **Payment of fees:**

    a. <u>Pre-confirmation fees:</u> If the case is dismissed or converted prior to confirmation, you agree that NWDR may bill up to the agreed upon flat fee amount if paragraph 2(b) or 2(c) based on the rates in paragraph 7.

    b. <u>Funds received by attorney:</u> NWDR may endorse checks made to you in NWDR's possession including refunds from the Trustee, and may apply these funds to any unpaid fees.

    c. <u>Conversion:</u> NWDR will require a separate Chapter 7 fee agreement before conversion.

    d. <u>Discharge:</u> The Court may not enter a discharge until all approved fees and costs in your case are paid.

    e. <u>Refund of Fees:</u> Upon cancellation of services, any funds held in trust, including funds intended to pay filing fees, will be applied first to unpaid attorney fees, then costs.

NWDR Law Firm – OR Ch. 13 Bankruptcy Fee Agreement           1           Revised 9/22/17

**2225 NE Alberta St. Suite A Portland, OR 97212**    ||    **1312 Main St Vancouver, WA 98660**
**14900 Interurban Ave. S, Seattle, WA 98168**    ||    **1201 Pacific Avenue Suite 600, Tacoma, WA 98402**
**3000 Market St NE #202 Salem, OR 97301**    ||    **39085 Pioneer Blvd. Suite 201 Sandy, OR 97055**

Case 17-63964-dwh13     Doc 18     Filed 01/24/18

4. **Limitations of Representation:**

   a. <u>Bankruptcy representation:</u> NWDR agrees to represent you in US Bankruptcy Court only.

   b. <u>No outcome guarantees:</u> Our advice provided is based on the representations you make considering the law as interpreted at the time the advice is rendered. If the law or your situation changes, the outcome of your case may change. NWDR makes no guarantees regarding any aspect of your case, including the length of your plan, its feasibility or monthly plan payment obligation.

5. **Costs Associated with Filing:** You are responsible for all costs incurred in your case including but not limited to: court fees, credit reports, appraisals, debtor education, or production of documents.

6. **Expiration of Contract and Cancellation of services:** If the case is not filed within 90 days, or you cancel services, NWDR may close your file and bill for hourly services at the rates provided in paragraph 7 for all time spent including accounting and closing the file. Cancellation prior to filing your case constitutes a breach of the flat fee agreement. You agree to pay fees at rates specified in paragraph 7 for time expended on your case up to the amount of the flat fee (if applicable) under paragraph 2.

7. **Hourly Rates:** NWDR's current hourly rates are as follows: Attorneys: Thomas McAvity & Mark Ditton $320 per hour, Jacob Braunstein $320 per hour, Randall Floyd $275 per hour; Paralegals $180 an hour; Non-attorney/non-paralegal staff: $75 an hour. These rates are subject to annual increase of $20 per hour.

_____
Debtor 1 Signature                Date

_____
Debtor 2 Signature                Date

/s/ *Thomas McAvity*
_____
Thomas McAvity, Attorney at Law
OSB#001751 || WSBA#35197

NWDR Law Firm – OR Ch. 13 Bankruptcy Fee Agreement       2       Revised 9/22/17

**2225 NE Alberta St. Suite A Portland, OR 97212**  ||  **1312 Main St Vancouver, WA 98660**
**14900 Interurban Ave. S, Seattle, WA 98168**  ||  **1201 Pacific Avenue Suite 600, Tacoma, WA 98402**
**3000 Market St NE #202 Salem, OR 97301**  ||  **39085 Pioneer Blvd. Suite 201 Sandy, OR 97055**

Case 17-63964-dwh13    Doc 18    Filed 01/24/18